SUMMARY ORDER

Petitioner Zi Yu Zhang, a native and citizen of the People’s Republic of China, seeks review of the March 7, 2008 order of the BIA denying his motion to reopen. In re Zi Yu Zhang, No. A70 658 642 (B.I.A. Mar. 7, 2008). We assume the parties’ *44 familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we conclude that the BIA did not abuse its discretion in denying Zhang’s motion to reopen as untimely. An alien seeking to reopen proceedings must file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhang’s December 2007 motion was untimely where the BIA issued a final order of deportation in December 2003.
Moreover, the BIA properly found that Zhang’s motion did not qualify for an exception to the time limitation. See 8 C.F.R. § 1003.2(c)(3)(h). It is well-settled that a change in personal circumstances, such as Zhang’s recent involvement with pro-democracy activities in the United States, is not evidence of changed conditions in China. See Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006); Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005). Furthermore, the BIA reasonably found that persecution of pro-democracy activists has been ongoing, and that Zhang failed to establish that this type of persecution has changed since his last hearing in August 2002.
Finally, as Zhang is under a final order of deportation and did not file a timely motion to reopen, the BIA did not err in concluding that he was not eligible to file a successive asylum application based solely on his changed personal circumstances. See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED.